UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

HIND SALEH,

          Petitioner,

   v.

WILLIAM P. BARR, et al.,

          Respondents.
_____

AEAD FARHAN,

          Petitioner,

   v.

WILLIAM P. BARR, et al.,

          Respondents.
_____

**ORDER**

1:18-CV-01347 EAW

1:18-CV-01348 EAW

On July 14, 2020, United States Magistrate Judge Hugh B. Scott granted a motion by former counsel for petitioner Aead Farhan ("Farhan") to withdraw based on a conflict of interest and instructed Farhan to inform the Court on or before August 31, 2020, whether he intended to have new counsel file a notice of appearance or if he intended to proceed *pro se*. (Farhan Dkt. 25). United States Magistrate Judge Leslie G. Foschio also granted the motion to withdraw filed by the same former counsel for petitioner Hind Saleh ("Saleh") on August 13, 2020. (Dkt. 36; Dkt. 37). On August 6, 2020, Respondents filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(c) in both actions (Farhan Dkt. 27; Saleh Dkt. 33), and the undersigned issued a scheduling order instructing

- 1 -

Farhan and Saleh (collectively "Petitioners") to file a response to the motion to dismiss on or before September 14, 2020 (Farhan Dkt. 30; Saleh Dkt. 38).

On September 10, 2020, the Government filed a status update in both matters. (Farhan Dkt. 32; Saleh Dkt. 40). In the status report, the Government represented that it had communicated with both Petitioners separately on September 9, 2020, and that Saleh had some understanding of English but was not fluent. She said that she had not retained new counsel because it was hard to find new counsel during the pandemic. Farhan had an interpreter and stated that he also has not retained new counsel and wanted to speak with the Court. The interpreter also submitted a letter to the government that he had translated for Farhan from Arabic which did not address the issue of counsel as directed by Judge Scott but instead reiterated the merits of Farhan's claims in broad terms. (Farhan Dkt. 32-1; Saleh Dkt. 40-1). The government stated in its letter that it would not oppose a reasonable extension of time for Petitioners to respond to the pending motions. (Farhan Dkt. 32 at 2; Saleh Dkt. 40-1).

Based on the above, the Court informs Petitioners that as individuals bringing a civil lawsuit, it is their obligation to ensure that they can communicate in English with the Court, both orally and in writing. "In general, a *pro se* civil [petitioner] is not entitled to an interpreter or translator." *Desulma v. Goolsby*, No. 98CIV.2078(RMB)(RLE), 1999 WL 147695, at *1 (S.D.N.Y. Mar. 16, 1999) (citing *Pedraza v. Phoenix*, 1994 WL 177285 (S.D.N.Y. May 9, 1994)); *see Fang v. Dofar*, No. 915CV1251MADDEP, 2019 WL 315036, at *2 (N.D.N.Y. Jan. 23, 2019) ("[T]he Court Interpreter's Act does not apply to civil cases between private parties."); *Abbas v. Goord*, No. 906-CV-0648 NAM GJD, 2007

WL 2891631, at *5 (N.D.N.Y. Sept. 28, 2007) ("Plaintiff, as a civil litigant, has no entitlement to an interpreter."). This means that Petitioners must make sure that anything they submit to the Court is in English, and that if they are limited in speaking English they must make sure they have an interpreter present at court proceedings who can translate for them. If Petitioners would like to schedule a court appearance, they must assure the Court that an interpreter will be present. Although this Order has been translated into Arabic for Petitioners given their *pro se* status, this Court will not translate future orders in these matters.

In light of the difficulties with obtaining a new attorney during the COVID-19 pandemic, the deadline for Petitioners to respond to the pending motions to dismiss is extended until October 30, 2020. Respondents' replies are due on or before November 13, 2020. Again, as discussed above, any responses submitted by Petitioners must be in English.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: September 16, 2020
       Rochester, New York